Sanford H. WORD, Plaintiff,

v.

UNITED STATES of America and United States Coast Guard, Defendants.

Civ. A. No. 2976.

United States District Court
S. D. Alabama, S. D.

Oct. 29, 1963.

Lionel L. Layden, Moore, Simon & Layden, Mobile, Ala., for plaintiff.

V. R. Jansen, Jr., U. S. Atty., Mobile, Ala., Daniel E. Leach, Atty. Dept. of Justice, Washington, D. C., for defendants.

DANIEL HOLCOMBE THOMAS, District Judge.

This action was brought to have the defendants United States of America and the United States Coast Guard, their agents and servants, enjoined from further interfering with the plaintiff's enjoyment of his occupation; to require the United States Coast Guard to return to the plaintiff his merchant mariner's document; to require the defendants to pay to the plaintiff the costs of this action and monies lost by the plaintiff, which he would have earned had he had his merchant mariner's document; and such other, further and different relief as is just.

On or about May 26, 1961, plaintiff was a merchant seaman, employed by Waterman Steamship Company aboard the vessel SS ANDREW JACKSON. On the aforementioned date, plaintiff was the holder of Merchant Mariner's Document Z–567173, issued by the United States Coast Guard, which entitled him to sail as a fireman, water tender, oiler, deck engineer, pumpman, machinist and plumber.

On some date prior to May 26, 1961, while serving aboard the SS ANDREW JACKSON, at sea, plaintiff engaged in a fist fight with a fellow seaman. As a result of said fight, plaintiff was arrested and put in jail upon arrival of the vessel in the Port of New York, New York, on or about May 26, 1961.

On May 26, 1961, while still in jail, plaintiff was visited by one Lt. Comdr. McClure of the United States Coast Guard, in his capacity as Investigating Officer. During the course of this visit,

plaintiff voluntarily surrendered his Merchant Mariner's Document Z–567173 to Lt. Comdr. McClure, and signed a document entitled "Voluntary Surrender Agreement in Preference to Answering Charges Under 46 U.S.C. Sec. 239." The import of the latter document was that the plaintiff voluntarily surrendered his merchant mariner's document in preference to appearing at a hearing under 46 U.S.C. § 239 to answer charges against him; that he permanently relinquished all title to the document, and waived his right to a hearing, appeal and judicial review. The execution of such document was authorized by 46 C.F.R. 137.05–7 (now 137.10–10).

At some time subsequent to the voluntary surrender of his merchant mariner's document, plaintiff requested of the Coast Guard that his document be restored. Upon recommendation of the Administrative Clemency Review Board that the plaintiff's request be denied, the same was denied by the Commandant of the United States Coast Guard, and the plaintiff was so informed in a letter dated December 7, 1962. The reason given for such denial was that plaintiff was found to be a person not safe and suitable to be entrusted with the duties and responsibilities of a seaman on board merchant vessels of the United States.

██ It is the opinion of the Court that it has jurisdiction of this matter pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. Section 1009(c) provides that every final agency action for which there is no other adequate remedy shall be subject to judicial review. The plaintiff has no other adequate remedy. Under Section 10(e) of the Administrative Procedure Act (5 U.S.C.A. § 1009(e)) it is the right and duty of the court, upon proper application of an aggrieved party, to judicially review the action of any agency, and it may review the whole record of the proceedings had below for the purpose of ascertaining any prejudicial error. Dorsey v. Kingsland, 84 U.S.App.D.C. 264, 173 F.2d 405 (1949).

It is the contention of the plaintiff that 46 U.S.C. § 239(g) sets forth the procedure which has to be followed in taking merchant mariners' documents from seamen, and that said section absolutely requires a hearing before the taking of such documents. Such section does provide that in investigations of misconduct the person whose conduct is under investigation shall be given reasonable notice of the time, place and subject of such investigation and an opportunity to be heard in his own defense.

However, Section 239(j) of Title 46 U.S.C. provides that the Commandant of the Coast Guard shall make such regulations as may be necessary to secure the proper administration of this section (239). The Code of Federal Regulations, Title 46, Section 137.05–7 (now Section 137.10–10) provides that a person whose conduct is under investigation may voluntarily surrender to the investigating officer his licenses and/or certificates in preference to appearing at a hearing under 46 U.S.C. § 239 to answer charges against him. Section 137.05–7 further provided that the person surrendering the license or certificates should sign a statement stipulating that the license or certificate was voluntarily surrendered in preference to appearing at a hearing to answer charges against him; that all title to such documents was permanently relinquished; and, that the right to a hearing, appeal and judicial review was waived.

██ The provisions of 46 C.F.R. 137.05–7 (now Section 137.10–10) are proper as regulations necessary to secure the administration of 46 U.S.C. § 239, as authorized by 46 U.S.C. § 239(j). Such regulation does not enlarge the power granted the Coast Guard under 46 U.S.C. § 239(g) to suspend or revoke licenses or certificates of service. Such regulation is not inconsistent in that it provides for a voluntary surrender of the document or certificate by the person whose conduct is under investigation, while 46 U.S.C. § 239(g) provides for affirmative action on the part of the Commandant of the Coast Guard to sus-

pend or revoke the document or certificate of such person. Administrative construction of a statute is entitled to great weight, and regulations are to be sustained unless unreasonable and plainly inconsistent with the statute. United States v. Ekberg, 291 F.2d 913 (8th Cir. 1961).

No actions of the defendant Coast Guard appear to be arbitrary, capricious, abuse of discretion, in excess of statutory jurisdiction or authority, or without observance of procedure required by law. In the absence of a finding that was clearly erroneous, and in the absence of a showing of arbitrary or like misconduct, findings and orders of the Coast Guard Commandant relative to matters of certificates of service and merchant mariners' documents pursuant to an investigation of maritime casualties should be affirmed. In re Certificates of Service and Merchant Mariners' Documents Issued to Soto et al., 73 F.Supp. 725 (S.D.N.Y.1947).